that constitute crimes.   Dexter v. Spear, 4 Mason, 115; Com. v. Kneeland, 20 Pick. 220; State v. Clark, 29 N. J. L. 96; Halstead v. State, 41 id. 552; Cutler v. State, 36 id. 125; State v. Preston, 34 Wis. 675.

*Chas. F. Templeton*, Attorney-General, and *F. E. Van Liew*, District Attorney, for defendant in error.

This indictment is under section 2, chapter 62, Laws 1881, C. L., § 6930.   Willful injury alone without malice of any kind would have been sufficient.   Willful does not imply malice or even an intention to injure another.   § 769, Penal Code.

Plaintiff's instruction was properly refused.   Johnson v. State, 37 Ala. 457, 4 Cr. L. M. 116; Tatum v. State, 66 Ala. 465, 8 Am. Dec. 670, n.; State v. Avery, 44 N. H. 392; State v. Hackfoth, 2 West. Rep. 588; Brown v. State, 26 Ohio, 176; Mosley v. State, 28 Ga. 190; Bish. C. L., § 436; Whart. C. L. (8th ed.), § 1082; State v. Williamson, 27 N. W. Rep. 259; Snap v. People, 19 Ill. 80.

Had the indictment been under section 694, Penal Code, it would not have been necessary to prove express malice against the owner.   §§ 768, 772, Penal Code, and the authorities above cited. The purpose of these statutes was to prevent wanton injury to animals without regard to malice toward any one.

By the COURT :

The judgment in this case is affirmed.   All the justices concurring, except THOMAS, J., not sitting.

---

SCHUSTER ET AL., Appellants, *v.* THOMPSON ET AL., Respondents.

**Set-Off and Counter-Claim — Liability on Attachment Bond, not Subject of.**

> By section 119, C. C. Pro., a counter-claim " must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.   2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action."   *Held*, that in an action on contract, a right of action in favor of the defendants on an attachment bond given by the

plaintiffs with two sureties in a former action on the same contract would not constitute a counter-claim.

(Argued and determined at the May Term, 1887.)

THIS is an appeal from the district court, Minnehaha county; Hon. C. S. PALMER, Judge.

This was an action on an account for goods, wares and merchandise sold and delivered by the appellants to the respondents, at Madison, Lake county, D. T. The appellants consisted of a firm, the members of which were A. N. Schuster, August Schuster, J. M. Blackmore and E. H. Bouton, and did business at St. Joseph, Mo., under the name of A. N. Schuster & Co. The respondents also consisted of a firm, the members being Knut Thompson and Ole T. Thompson.

The complaint was in the ordinary form for goods sold and delivered. The defendants admitted the allegations of the complaint, but "by the way of counter-claim" set up a right of action against the plaintiffs on an attachment undertaking given by them in an action brought on this same account before its maturity. The undertaking, omitting the title, was as follows:

"A. N. Schuster & Co., plaintiffs, have commenced an action by summons for the recovery of money from Knut Thompson and Ole T. Thompson, defendants, and have made or are about to make application for an attachment according to the provisions of article 4 of chapter 11 in the Code of Civil Procedure against the property of Knut Thompson and Ole T. Thompson, defendants, as security for the satisfaction of such judgment as the plaintiffs may recover in said action. Now, therefore, if Knut Thompson and Ole T. Thompson, the defendants, recover judgment against the said plaintiffs, or if the attachment to be issued in this action be set aside by order of the court, we, S. W. Jacobs and E. H. Jacobs, undertake, promise and agree to and with the said defendants, that the said plaintiffs shall and will pay all costs that may be awarded to said defendants, and all damages they may sustain by reason of the attachment, not exceeding the sum of $1,300. Dated the 18th day of December, 1883. A. N. Schuster & Co., by F. L. Soper, their attorney. S. W. Jacobs and E. H. Jacobs."

The answer also alleged the issuance and levy of the writ of attachment upon the property of the defendants and that the attachment was afterward set aside by an order of the court and concluded with a prayer for damages.

The plaintiffs demurred to the counter-claim on the grounds of a defect of parties and the insufficiency of the facts to constitute a counter-claim. The demurrer was overruled and the plaintiffs excepted. At the trial the plaintiffs also objected to the introduction of any evidence under the counter-claim on the same grounds. The objection was overruled and the plaintiffs excepted. On the trial the defendants recovered a verdict for $1,200 on their counter-claim. A motion for a new trial having been overruled, the defendants had a judgment allowing them this amount on the demand sued for, whereupon the plaintiffs appealed.

*Winsor & Swezey*, for appellants.

The plaintiffs demurred to the counter-claim, and at the trial objected to evidence under it on the following grounds:

1. The said counter-claim does not state facts sufficient to constitute a counter-claim against the plaintiffs.

2. There is a defect of parties in that S. W. Jacobs and E. H. Jacobs are not made parties to the action.

3. The counter-claim does not state facts constituting a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim or connected with the subject of the action.

The undertaking was a joint obligation. §§ 802, 950, 951, C. C.; George v. Tate, 102 U. S. 564; 1 Add. Cont., §§ 46, 47; King v. Hoare, 13 M. & W. 505; Addison v. Gibson, 10 Q. B. 106; Gross v. Williams, 7 H. & N. 675; 1 Pars. Cont. 11, n. (*a*); 2 Am. Dec. n. p. 115; Wood v. Fisk, 63 N. Y. 245; Davis v. Van Buren, 72 id. 587; Coffin v. McLean, 80 id. 560; Duff v. Hobbs, 19 Cal. 646; McConihe v. Hollister, 19 Wis. 269; Boyd v. Beaudin, 55 id. 195.

"Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but, on the other hand, there

should be words of severance, in order to produce a several responsibility or a several right."

Section 501 of the New York Code is the same as section 119 of our C. C. Pro., and the interpretation of the Court of Appeals of that State is almost in the language of the statute, and makes it certain that a counter-claim " must be " one on which " a several judgment might be had in the action."

The inseparable nature and entirety of a joint obligation is illustrated in the cases holding that a judgment against one joint debtor bars an action against the others. Wells, *Res Adju.*, §§ 3, 36, 37; 2 Kent Com. 389; Ward v. Johnson, 13 Mass. 148; Smith v. Black, 9 Serg. & R. 142; Bowen v. Hastings, 47 Wis. 232; U. S. v. Price, 9 How. 90; Pickersgill v. Lahens, 15 Wall. 140; R. R. Co. v. Hayden, 119 Mass. 361.

It is the inseparable nature of a joint obligation that has established the rule that all the obligors must be made parties to the action in which it is sought to be enforced. Although the objection is in the nature of a special demurrer, still the rule is well recognized in this form. §§ 113, 122, C. C. Pro.; Slutts v. Chafee, 48 Wis. 617; Bowen v. Crow, 20 N. W. Rep. 850; Pierce v. Harrington, 1 Gray, 595.

The sufficiency of this undertaking as the foundation of a counter-claim was properly raised on the trial by an objection to the introduction of the instrument itself in evidence. § 140, C. C. Pro.; Cunningham v. Hobart, 7 Gray, 423; 1 Gr. Ev., §§ 64, 66; Walter v. Bennett, 16 N. Y. 250; Burger v. Ins. Co., 17 Barb. 274; Belknap v. Sealey, 14 N. Y. 143; Morgan v. Menzies, 60 Cal. 340.

*Kennedy Brothers*, for respondents.

Is this undertaking joint on the part of the plaintiffs and the sureties?

Under sections 802, 803 and 950 we think not.

The test is, (1) Whether the parties to it are interested in the consideration; (2) Whether they are entitled to contribution from each other. Under these rules the authorities cited by appellants are not in point. We admit the sureties on the undertaking are joint obligors. All the cases cited are to this effect, holding that

the sureties being joint obligors, only the survivors are liable. The question as to whether the action survives against a party to an obligation is a conclusive test as to whether he is a joint or several obligor. The question is, whether or not death would release the principal on this undertaking. The appellants cite no cases where this is held.

" The contract must be measured and moulded according to the interest of the covenantees." 1 Pars. Cont. 13, 20; Anderson v. Martindale, 1 East, 497; Platt, Covenantees, 123.

Measuring the undertaking by this rule, the sureties, Jacobs, have no interest in being made parties; the plaintiffs are the ones who agreed to pay the damages, and they cannot object that their sureties are not joined, especially when by the nature of the action and the form of the pleadings no judgment can in any event be obtained by the defendants. If both parties had obtained judgments on their respective claims can there be any question but that the one would have had the right to set off the one judgment against the other ? The court properly sustained the counter-claim. Craig v. Fry, 9 Pac. Rep. 550.

Further, the covenants of the principal and the sureties are different; the principal agrees to pay the damages caused by the wrongful suing out and levy of the attachment, and the sureties agree to pay the damages in the event that he does not. It is not an absolute promise on their part, but conditional.

The COURT:

The judgment is reversed on the ground that the court erred in permitting the bond in attachment to be set up as a counter-claim to the main claim on which the attachment was issued. All concur, excepting Justice SPENCER, not sitting.

---

KARR, Respondent, v. CHICAGO & NORTH-WESTERN RY. CO., Appellant.

#### Appeal — Notice — Sufficiency — Jurisdiction.

By § 89, Justices' Code, as amended, Laws 1881, chap. 4, § 1, p. 5, with reference to the contents of a notice of appeal, it is provided, it "must state whether the appeal is taken from the whole or a part of the judgment; and if from a part, what part, and whether the appeal is taken on